IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-02027-RPM

CHEYENNE HOTEL INVESTMENTS, LLC,

    Plaintiff,

v.

COLORADO CASUALTY INSURANCE COMPANY,

    Defendant.

---

ORDER GRANTING DEFENDANT COLORADO CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

---

This civil action claims insurance coverage for damage to a Homewood Suites Hotel in Colorado Springs, Colorado (the hotel property). The complaint alleges that the Plaintiff was insured under a general hazard insurance policy issued by Westfield Insurance Company (Westfield) for the period from November 30, 2010 to November 30, 2011, and that the Plaintiff was insured under a general hazard insurance policy issued by Colorado Casualty Insurance Company (Colorado Casualty) for the earlier period of November 30, 2009 to November 30, 2010. The complaint states that in 2011, the Plaintiff incurred damages from a loss covered under the Westfield policy, and in the course of remediating and investigating that loss, the Plaintiff discovered damages that occurred before the coverage period of the Westfield policy. The Plaintiff states it made demand for payment from Colorado Casualty and received no response. The complaint states one claim against Colorado Casualty and one claim against

Westfield, alleging the damage occurred during the coverage period of each policy and was the result of an insured peril. The Plaintiff seeks to recover approximately $140,000 for the cost of repairs to the hotel property, attorney's fees, costs and interest.

The Plaintiff's claim is further described in a proposed Scheduling Order which the parties submitted to the court in anticipation of a scheduling conference held on October 2, 2013. (Def.'s Ex. B). In that proposed order, the Plaintiff stated that "it seeks coverage for the cost to replace the entire roof of its hotel due to hail damage." (*Id.* at p. 3).

The Plaintiff has voluntarily dismissed its claim against Defendant Westfield Insurance Company.

Defendant Colorado Casualty moved for summary judgment of dismissal, arguing that the Plaintiff's claim against it is barred by the time limits for filing claims under its Policy.

The following facts are not in dispute:

In March 2011, Westfield retained Jeff Taylor, a claims adjuster employed by Vericlaim, to inspect the hotel property. (Def.'s Ex. D, Taylor aff.). Taylor inspected the hotel property on March 15, 2011, and prepared a report dated March 28, 2011, concerning his opinions as to the nature, extent, and cause of certain damage to the property. (Def.'s Ex. D-1). In that report, Taylor stated that the building's roof had been damaged by wind and hail, and he opined that "[t]he hail damage is from a severe hail storm that hit this area on 7/4/2010." (*Id.*).

The Plaintiff's claim against Colorado Casualty is based on a commercial insurance policy, No. CBP 2779169, issued by Peerless Indemnity Insurance Company to Homewood Suites DBA Cheyenne Hotels, LLC, for the policy period from May 7, 2010 through May 7, 2011. (Def.'s Ex. A). The Policy was canceled on November 30, 2010. (*Id.*).

The subject Policy provides in pertinent part:

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

\*\*\*

**D. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

1. There has been full compliance with all of the terms of this Coverage Part; and

2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

The Plaintiff filed this action on June 27, 2013, seeking benefits under the Policy in connection with hail damage that occurred on July 4, 2010.

Colorado Casualty argues that Plaintiff's claim is precluded by the Policy's contractual two-year limitations period.

The Plaintiff argues that its claim is timely under C.R.S. § 13-80-101(1)(a), Colorado's statutory three-year limitations period for contract actions.

The Plaintiff's argument fails. Under Colorado law, "parties to a contract may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations." *Grant Family Farms, Inc. v. Colo. Farm Bureau Mut. Ins. Co.*, 155 P.3d 537, 539 (Colo.App.2006) (quoting *Hepp v. United Airlines, Inc.*, 36 Colo.App. 350, 353, 540 P.2d 1141, 1143 (1975)). "Such a contractual limitation is enforceable, provided that the period in which the action must be brought is reasonable and that the provision has not been waived." *Hepp*, 540 P.2d at 1143. The Policy's two-year limitation

period is reasonable.  *See Kesling v. Am. Family Mut. Ins. Co.*, 861 F.Supp.2d 1274, 1281 (D.Colo.2012) (one-year limitations period provided in a homeowner's policy is not contrary to Colorado law); *Capitol Fixture & Supply Co. v. Nat'l Fire Ins. Co.*, 131 Colo. 64, 68, 279 P.2d 435, 437 (Colo. 1955) (one-year limitations period in an insurance policy was not unreasonable). The contractual two-year limitations period does not conflict with C.R.S. § 13-80-108 and is enforceable. *Grant Family Farms*, 155 P.3d at 539.  The Policy governs when the contract claim accrues.

The Plaintiff's response suggests that it intends to move for leave to amend its complaint to add a claim for bad faith breach of insurance contract.  Such a motion would be futile because the Plaintiff's action in this court is barred for the reasons discussed below.

On June 28, 2011, the Plaintiff filed a petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Colorado, Case No. 11-25379-ABC. Section 108(a), 11 U.S.C. generally provides a tolling period of two years after the plaintiff-debtor files a petition for bankruptcy.  The Plaintiff is estopped from invoking the benefit of 11 U.S.C. § 108(a) because the Plaintiff did not disclose the claim during the bankruptcy proceedings.  *See* Def.'s Ex. E (Plaintiff's voluntary Chapter 11 petition and statement of financial affairs and schedules); Def.'s Ex. F (First Amended Disclosure Statement, and Def.'s Ex. G (Third Amended Plan of Reorganization dated August 5, 2013).

"[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *Browning Mfg. v. Mims (In re Coastal Plains)*, 179 F.3d 197, 207-08 (5th Cir. 1999) (emphasis in original). That duty continues throughout the bankruptcy proceeding.  *Id*.

> The following factors guide the application of judicial estoppel:
>
> First, a party's subsequent position must be clearly inconsistent with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir.2013) (quoting *Eastman v. Union Pacific R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir.2007)); *see also New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

Here the Plaintiff/Debtor deprived the Bankruptcy Court and interested parties of complete information about the Plaintiff's assets. The Plaintiff/Debtor has taken inconsistent positions in the Bankruptcy Court and this Court. The Bankruptcy Court confirmed the Plaintiff/Debtor's Third Amended Plan of Reorganization on August 16, 2013. By obtaining confirmation of the Chapter 11 Plan without disclosing the claim, the Plaintiff/Debtor persuaded the Bankruptcy Court to accept an inconsistent position. The Plaintiff/Debtor's lack of disclosure is not excusable because it filed this action while the bankruptcy proceeding was pending and before confirmation of the plan. Under these circumstances, the Plaintiff's action in this court is barred. *See Eastman*, 493 F.3d at 1156 (judicial estoppel precluded a plaintiff/debtor from prosecuting a personal injury action which the debtor had not disclosed on his Chapter 7 bankruptcy schedules prior to discharge).

Colorado Casualty suggests that the proper defendant is Peerless Insurance Company but it has litigated the claim under the Policy and the name of the defendant is irrelevant.

Based on the foregoing, it is

ORDERED that Defendant Colorado Casualty Insurance Company's motion for summary judgment [#25] is granted.  The clerk shall enter judgment dismissing this civil action with prejudice and awarding costs to the defendant upon the filing of a Bill of Costs pursuant to D.C.COLO.LCivR 54.1.

Dated:  May 28, 2014

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge